UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 13-5-DLB

DOUGLAS C. BRANDON                                                           PETITIONER

vs.                     **MEMORANDUM OPINION AND ORDER**

MICHAEL SEPANEK, Warden                                RESPONDENT

******************

## I. Introduction

Petitioner Douglas C. Brandon, currently incarcerated at FCI Ashland, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2255(e). (Doc. # 1). Brandon argues that such relief is appropriate for two reasons: (1) the United States Supreme Court's recent gloss on 18 U.S.C. § 1346 renders him "actually innocent" of wire fraud because he did not receive any bribes or kickbacks; and (2) recent Sixth Circuit case law suggests that liability cannot attach to a lawyer who performs ordinary legal services for a company offering securities for sale, as Brandon did. While his Petition was pending before the Court, Brandon filed a Motion to Expedite and a Motion for Immediate Release (Doc. # 20), urging this Court to quickly issue a decision in this case due to his declining health.

## II. Factual and Procedural Background

In 2003, a federal grand jury sitting in the United States District Court for the Southern District of New York returned a superseding indictment charging Douglas C.

1

Brandon with two counts of securities fraud in violation of 15 U.S.C. § 78j(b), 15 U.S.C. § 78ff and 17 C.F.R. § 240.10b-5; four counts of wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1346; and one count of conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371. *United States v. Rittweger*, 259 F. Supp. 2d 275, 279 (S.D.N.Y. Apr. 23, 2003). This indictment arose out of Brandon's alleged participation in a conspiracy to defraud customers of Credit Bancorp, Ltd. "by fraudulently inducing them to invest cash, securities and other assets in two CBL investment programs." *Id.* at 280. A jury later convicted Brandon on all counts, except that it did not reach a verdict as to whether Brandon was guilty of securities fraud with respect to one of the victims. *United States v. Rittweger*, No. 02 CR.122 (JGK), 2003 WL 22290228 at *1 (S.D.N.Y. Oct. 6, 2003).

Following the verdict, Brandon moved for a judgment of acquittal and a new trial, but the district court denied both motions, finding that "[t]he evidence was more than ample for a reasonable jury to conclude beyond a reasonable doubt that each of the defendants was guilty of the crimes for which he was found guilty." *Id.* at *2. The district court ultimately sentenced Brandon to ninety-seven (97) months imprisonment, which he is currently serving at FCI Ashland. *United States v. Rittweger*, 274 Fed. Appx. 78, 80 (2d Cir. 2008). Brandon appealed his conviction to the United States Court of Appeals for the Second Circuit, but that court dismissed the appeal, reasoning that the "evidence would allow a rational juror to find Brandon guilty of fraud and conspiracy." *Id.* at 81.

Brandon mounted a collateral attack on his conviction by filing a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of New York. *Brandon v. United States*, No. 09 Civ. 7720

2

(JGK), 2011 WL 4801362 at *1 (S.D.N.Y. Oct. 11, 2011). He then filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2255, raising the exact same issues in this Court. *Brandon v. Holland*, Civ. A. No. 10-117-DLB, 2011 WL 87183 at *3 (E.D. Ky. Jan. 6, 2011). While both Motions were pending, Brandon filed supplemental briefs, arguing that his conviction should be vacated according to *Skilling v. United States*, in which the United States Supreme Court concluded that liability for wire fraud predicated on an honest services theory should be limited to "fraudulent schemes to deprive another of honest services through bribes or kickbacks supplied by a third party who had not been deceived." *Id.* at *7-8.

Noting that Brandon had a ripe § 2255 motion pending before the presiding trial judge who was familiar with the case, this Court decided that "principles of comity and judicial economy dictate his challenge be heard by that court (meaning the Southern District of New York)." *Id.* at *2. The Court ultimately dismissed the claim for lack of jurisdiction, concluding that Brandon's claims did not fall within the savings clause of § 2255(e) because he failed to establish that his remedy in New York under § 2255 was inadequate or ineffective, and therefore was not entitled to § 2241 relief. *Id.* at *3.

The United States District Court for the Southern District of New York proceeded to entertain Brandon's § 2255 Motion, focusing in part on "whether Brandon's wire fraud and conspiracy convictions were based solely or inextricably on the theory that Brandon was part of 'a scheme to deprive another of the intangible right of honest services,' § 1346, such that, in the acknowledged absence of any allegation of a bribe or kickback, the convictions run afoul of *Skilling* and must be vacated." *Brandon v. United States*, No. 09 Civ. 7720 (JGK), 2011 WL 4801362 at *7 (S.D.N.Y. Oct. 11, 2011). The Court answered this

3

question in the negative. In *Skilling*, the jury returned a general verdict on the defendant's conspiracy charge, thus leaving it unclear "whether there was a valid basis independent of honest services fraud for the conspiracy conviction." *Id.* In Brandon's case, the jury returned a special verdict form indicating that its verdict was based on a money or property theory *and* an honest services theory, thereby finding "an independent and valid basis for Brandon's conviction on the conspiracy count and each of the wire fraud counts, [such that] any error in the application of § 1346 was harmless." *Id.*

Brandon now brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and § 2255, in which he again argues that he should be released from custody because he is "actually innocent" of wire fraud under *Skilling*. (Doc. # 1). Respondent Michael Sepanek, Warden of FCI Ashland, has filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. (Doc. # 17). Brandon filed a timely response to that Motion. (Doc. # 19). The time for Respondent to file a reply brief having passed, and no such brief having been filed, this Motion is now ripe for the Court's review.

**III.     Analysis**

**1.      Standard of Review**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court "must accept all the...factual allegations as true and construe the complaint in the light most favorable to the [p]laintiff." *Hunter v. Sec'y of United States Army*, 565 F.3d 986, 992 (th Cir. 2009)(internal citations omitted). Although the complaint need not contain detailed allegations, it must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint will not survive a

4

motion to dismiss unless it presents "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. It "must include more than labels, conclusions and a formulaic recitation of the elements of the cause of action." *Id.* at 555. Accordingly, the complaint should include factual allegations that "raise the right to relief above the speculative level." *Id.* Stated another way, "a complaint must contain either direct or inferential allegations respecting all the material elements [of each claim] to sustain a recovery under some viable legal theory." *Hunter*, 565 F.3d at 992.

### 2. The Petitioner may not avail himself of § 2255(e)'s savings clause

If an inmate wishes to challenge the manner in which his or her sentence is served, such a claim must be filed in the court having jurisdiction over the inmate's custodian. *See* 28 U.S.C. § 2241. Claims attacking the inmate's conviction or sentence should be brought in the sentencing court. *See* 28 U.S.C. § 2255. In spite of these general rules, the § 2255(e) savings clause allows an inmate to challenge the conviction or sentence under § 2241 if the remedy afforded by § 2255 is inadequate or ineffective to test the legality of the conviction. 28 U.S.C. § 2255(e).

Before an inmate may utilize the savings clause, he or she must demonstrate that the remedy provided by § 2255 is ineffective or inadequate. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The inmate must do more than simply show that he or she has already been denied relief under § 2255. *Id.* Decisions post-dating the Anti-terrorism and Effective Death Penalty Act (AEDPA) have uniformly prohibited inmates "who w[ere] not effectively making a claim of actual innocence to utilize § 2241 (via § 2255's "savings clause") as a way of circumventing § 2255's restriction on the filing of second or successive habeas petitions." *Id.* at 757. Therefore, a showing of "actual innocence" is critical for

inmates seeking to avail themselves of the savings clause.  *See id.*

Actual innocence means factual innocence, not mere legal insufficiency.  *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).  A petitioner may establish factual innocence by demonstrating the following elements: (1) the existence of new interpretation of statutory law; (2) which was issued after petitioner had meaningful time to incorporate the new interpretation into his direct appeal or subsequent motions, (3) is retroactive and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.  *Id.*

Brandon again predicates his "actual innocence" argument on *Skilling*, maintaining that the United States Supreme Court's gloss on 18 U.S.C. § 1346 makes it more likely than not that no reasonable juror would have convicted him.  However, Brandon fails to explain why this argument merits consideration by this Court, as it has already been analyzed and rejected by the United States District Court for the Southern District of New York.  While *Skilling* did create a new interpretation of statutory law after Brandon's conviction, the record is clear that Brandon had ample opportunity to address that opinion in his § 2255 Motion.  In fact, the court allowed him to submit supplemental briefing on *Skilling* before rendering its decision.  This Petition is simply a recapitulation of Brandon's earlier Motions, not to mention an ill-disguised attempt to get a second bite at the apple.  This is precisely the sort of situation that the factual innocence requirement aims to prevent.  Because Brandon cannot establish the elements necessary to demonstrate factual innocence, the Court must conclude that he is not entitled to proceed under § 2241

and § 2255(e).[1]  Therefore, he has not stated a claim upon which relief can be granted.

### 3. Petitioner's state law argument is inapplicable to this case

Petitioner also argues that a recent Sixth Circuit opinion, *Bennett v. Durham*, entitles him to relief.  In *Bennett*, the court held that the Kentucky Securities Act does not impose liability on an attorney "who performs traditional legal services for a company offering its securities for sale to the public."  683 F.3d 734, 735 (6th Cir. 2012).  Brandon argues that he should not have been held criminally liable because he only provided traditional legal services for Credit Bancorp, Ltd.   While the court handed down this decision well after Brandon's direct appeal and post-conviction proceeding had been decided, this argument still misses the mark.  First, Brandon was convicted under federal statutes.  While the Kentucky Securities Act may bear some similarity to the Uniform Securities Act and the Federal Securities Act of 1933, it is not itself a federal statute.  *Id.*; *see also* Ky. Rev. Stat. § 292.480(1),(4).  Therefore, interpretations of that statute do not impact the federal statutes upon which Brandon was convicted.  Second, the state statute at issue in *Bennett* considered whether to impose civil liability on attorneys who provide ordinary legal services to companies offering securities for sale.  Because a jury convicted Brandon under a criminal statute, questions of civil liability are inapposite.  Therefore, the *Bennett* decision has no applicability to Petitioner's case and certainly does not provide grounds for him to utilize § 2241 and § 2255(e).  Again, Brandon has failed to state a claim upon which relief

---

[1] As the Court pointed out in its last opinion dismissing Brandon's § 2241 petition, *Skilling* provides limited relief to Brandon at best.  Assuming *arguendo* that the United States District Court for the Southern District of New York erred in finding that *Skilling* did not impact Brandon's case, Brandon would still not be entitled to habeas relief because he was convicted under other statutes that remain unaffected by *Skilling.*

can be granted.

## IV. Conclusion

For the reasons stated above, **IT IS ORDERED** as follows:

(1) Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. # 17) be, and is hereby **granted**;

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) be, and is hereby **dismissed** and **stricken** from the Court's active docket; and

(3) Motion to Expedite and Motion for Immediate Release (Doc. # 20) be, and are hereby **denied as moot**.

This 27th day of February, 2014.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\Opinions\Ashland\13-5 MOO granting DE 17 and denying petition for writ of HC.wpd